IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2407-H |
| | § | |
| CITY OF DALLAS, TEXAS | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM ORDER**

Plaintiff Teresa Ward Cooper has filed a motion to quash and for protective order in connection with an investigation currently being conducted by the Internal Affairs Division ("IAD") of the Dallas Police Department. According to plaintiff, defendant is conducting this parallel administrative investigation in an attempt to bypass the rules of discovery while threatening her with disciplinary action if she fails to comply with demands for testimony and information. By this motion, plaintiff seeks an order prohibiting defendant from engaging in any discovery "or other process" regarding the facts of this case unless such discovery is conducted pursuant to the Federal Rules of Civil Procedure. The motion has been fully briefed by the parties and is ripe for determination.

Fed. R. Civ. P. 26(c) authorizes the court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(5). The standard for such an order is "good cause." *Id.*; *see also Landry v. Air Line Pilots Association*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). A party seeking a protective order must prove the necessity of its issuance, "which contemplates a particular and specific demonstration of facts as distinguished from stereotyped and conclusory statements." *In*

*re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), *quoting United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). Here, plaintiff fails to allege, much less prove, "good cause" for relief she seeks. Other than her conclusory assertions, there is no showing that defendant is conducting an IAD investigation to bypass the rules of discovery. Nor does plaintiff cite any legal authority to support her request for a protective order. Accordingly, her motion is denied.

Defendant's request for attorney's fees is denied.

SO ORDERED.

DATED: May 31, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE