IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2407-H |
| | § | |
| CITY OF DALLAS, TEXAS | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Plaintiff Teresa Ward Cooper has filed a second motion to compel and for sanctions in this discrimination and retaliation action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* and Texas law.  At issue is the failure of defendant to produce documents in response to a request for production served in August 2005.  After this motion was filed, the attorneys met face-to-face and resolved several matters by agreement.[1]  However, a significant portion of this discovery dispute remains unresolved.  The parties have briefed their respective positions in a joint status report filed on July 11, 2006, and the motion is ripe for determination.

The court initially observes that defendant already has produced a vast majority of the documents now requested by plaintiff.  In its June 30, 2006 order requiring the parties to make one final attempt to resolve this matter, the court provided the following guidance to the attorneys:

---

[1] Defendant has agreed to review certain documents which plaintiff believes are responsive to Request Nos. 13, 14, 27, 33, 34, 37, 38, 39, 40, 41, 42, 45, 104, 136 & 193 and, if possible, stipulate to their authenticity.  In addition, defendant has agreed to produce documents responsive to Request Nos. 50, 60 & 61.  (*See* Jt. Stat. Rep. at 1-2, § C).

> [Counsel] should focus their discussions on the *substantive* information and documents requested by plaintiff. In other words, defendant should fully answer each discovery request, subject to any objections, and affirmatively indicate whether any responsive information or documents have been withheld. A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client, work product, or other privilege or immunity. *See* FED. R. CIV. P. 26(b)(5). *Plaintiff should not persist in opposing any objections at this time if all responsive information and documents have been provided.*

Order, 6/30/06 at 2 (emphasis added). As contemplated by this order, defendant sent opposing counsel two letters on July 10, 2006 advising that it had produced all documents in its possession, custody, and control that are responsive to Request Nos. 29, 30, 54, 132, 137, 138, 139, 140, 141, 142, 144, 145, 146, 150, 152, 153, 155, 156, 157, 158, 159, 160, 161, 162, 163 & 189, and that no documents have been withheld subject to any objection. This same representation is made in the joint status report filed by the parties on July 11, 2006. Yet for some inexplicable reason, plaintiff insists on an order overruling defendant's objections and compelling the production of unspecified documents which do not appear to exist. The court declines to engage in such a useless exercise.

It also appears that plaintiff seeks certain documents that were not mentioned in her second motion to compel filed on June 30, 2006, or a nearly identical motion filed on April 20, 2006. (Request Nos. 120, 177 & 188). The court will not grant relief with respect to any document request that was not timely raised in a proper motion.

That leaves the following requests for production:

**Request No. 53:**
If you contend that Plaintiff's attendance record was less than satisfactory at any time during her employment with you, please produce all documents that relate or pertain to the attendance records of each sergeant that worked for you.

**Request No. 55:**
If you contend that Plaintiff's work performance was less than satisfactory at any time during her employment with you, please produce all documents that relate or pertain to the performance of each sergeant that worked for you.

**Request No. 184:**
Please provide all overtime and compensatory time cards for patrol division sergeants completing administrative duties in 2001.

With respect to Request No. 55, defendant states that it "has not argued and will not argue that any of Ward's alleged adverse actions occurred because of her poor work performance." (Jt. Stat. Rep. at 10, § D). Because defendant does not maintain that plaintiff's job performance was less than satisfactory, it need not respond to this request for production.

Defendant objects that Request Nos. 53 and 184 are overly broad, unduly burdensome, and irrelevant. The attendance records and time cards sought by plaintiff are arguably relevant to her disparate treatment claim. However, plaintiff is entitled to discovery of comparator data only for "similarly situated" employees. A "similarly situated" employee is one who was treated differently under "nearly identical" circumstances. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). Employees with different supervisors are not "nearly identical." *See, e.g. Lawrence v. United Airlines, Inc.*, No. 3-01-CV-0809-H, 2002 WL 1489536 at *3 (N.D. Tex. Jul. 10, 2002) (Sanders, J.) (citing cases). Plaintiff does not limit her document requests to "similarly situated" employees. Instead, she seeks attendance records and time cards for *all* patrol sergeants, whether or not they worked in the same division or had the same supervisor as plaintiff. The failure to properly limit Request Nos. 53 and 184 renders them overly broad.[2]

---

[2] Notwithstanding these overbroad document requests, defendant has agreed to produce the 2002 and 2003 time cards for all sergeants who worked under plaintiff's former supervisor, Lt. Smith, from April 2002 through May 2003. In addition, defendant states that it already has produced all 2001 overtime and compensatory time cards for sergeants and other supervisors at the North Central Patrol Division. The court declines to order the production of any additional documents.

For these reasons, plaintiff' second motion to compel and for sanctions [Doc. #71] is denied. In light of the resolution of this discovery dispute, the April 25, 2006 order staying all proceedings related to defendant's motion for summary judgment is vacated. The court will enter a summary judgment briefing schedule by separate order filed today.

SO ORDERED.

DATED: July 17, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE