IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2407-N |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Teresa Ward Cooper, appearing *pro se*, has filed a motion for leave to proceed *in forma pauperis* on appeal.  For the reasons stated herein, the motion should be denied.

I.

This is a discrimination, retaliation, and civil rights action brought by plaintiff, a former Dallas police officer, against the City of Dallas and Chief David Kunkle.  On August 11, 2008, the district court entered a final summary judgment in favor of defendants dismissing plaintiff's claims on the affirmative defense of res judicata.  *Cooper v. City of Dallas*, No. 3-04-CV-2407-N, 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008).  Plaintiff did not appeal that judgment.  Instead, she filed a motion for new trial.  That motion was denied on March 10, 2009.  Thereafter, on March 20, 2009, plaintiff filed a *pro se* notice of appeal.  Plaintiff now seeks leave to prosecute her appeal *in forma pauperis*.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a).  A district court "may authorize the commencement, prosecution or defense of any suit . . . or appeal

therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must also state "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.* A court may deny leave to proceed *in forma pauperis* if an appeal is not taken in good faith. *Id.* § 1915(a)(3); *see also Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962); *Howard*, 707 F.2d at 220.

Plaintiff has submitted an affidavit in support of her motion which indicates that she lacks the financial resources to prosecute an appeal. However, even if plaintiff is indigent, her motion should be denied. As the district court noted in its March 10, 2009 order, plaintiff "has not shown any basis for the Court to reconsider its prior decision granting summary judgement in favor of the City of Dallas and dismissing this action on the affirmative defense of res judicata." Order, 3/10/09. Any appeal on those same grounds would be frivolous. Consequently, the district court should certify that plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## RECOMMENDATION

The district court should find that plaintiff is indigent, but certify that her appeal is not taken in good faith. Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* on appeal [Doc. #175] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 26, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE